IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WEEKEND SKIPPER, INC. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-489 |
| | § | |
| ST. PAUL FIRE AND MARINE INSURANCE | § § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is the "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Improper Venue and to Compel Arbitration" of Defendant, St. Paul Fire and Marine Insurance (St. Paul). Having considered the Motion, the response of Plaintiff, Weekend Skipper, Inc., and St. Paul's reply and supplemental reply the Court now issues this Opinion and Order.

## BACKGROUND

Plaintiff owned a 1967 Chris Craft motor yacht, the ISLAND PRINCESS, which it insured with Defendant, St. Paul Fire and Marine Insurance. Unfortunately, on September 13, 2008, during the landfall of Hurricane Ike, all power to the vessel was lost and it sank in 3 to 4 feet of water. Plaintiff submitted a claim to St. Paul. Following unsuccessful attempts to resolve the claim, Plaintiff filed suit in state court, on September 15, 2010, for breach of contract and for extra-contractual claims under the Texas Insurance Code and Deceptive Trade Practices Act. On November 2, 2010, St. Paul removed the case on the alleged bases of diversity and admiralty jurisdiction. Two days later, St. Paul filed the instant Motion.

A contract evidencing a transaction involving commerce may contain a binding arbitration clause, 9 U.S.C. § 2; the insurance contract in question, sold by St. Paul, a Connecticut corporation, to Plaintiff, a Texas corporation, through an insurance agency in Michigan, was clearly a commercial transaction.  Cf. McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957), see also Guardian Royal Exchange v. English China Clays, 815 S.W.2d 223, 232-33 (Tex. 1991)   To be arbitrable under the Federal Arbitration Act (FAA) it is only required that a valid agreement to arbitrate between the parties exists which covers the dispute in question. PaineWebber, Inc. v. Chase Manhattan Private Bank, 260 F.3d 453, 462 (5th Cir. 2001)    There is no doubt that the policy contains an adequate arbitration clause compelling the Parties to settle any insurance claim by arbitration in accordance with the Rules of the American Arbitration Association (AAA).  Plaintiff, however, argues that Texas law exempts this particular dispute from arbitration pursuant to Section 171.002(a)(2) of the Texas General Arbitration Act (TGAA).[1]  In the opinion of this Court, Plaintiff's argument is fatally flawed.

Plaintiff argues that the Court must apply Texas law because the policy contains no expressed agreement to arbitrate under the FAA.  Setting aside the fact that the policy contains a choice of law clause applying "Federal Maritime Insurance Law," which presumably incorporates the FAA, Plaintiff's reasoning is, nevertheless, backwards.  Unless the Parties expressly agreed to arbitrate in strict compliance with the TGAA, which they did not, the exception is preempted by the FAA, not the other way around.  See Mastrobuono v. Shearson Lehman Hutton, 514 U.S.

---

[1] In pertinent part, the Texas statute, with limited exceptions, excludes from arbitration an agreement by an individual for acquisition of property or services in which the consideration paid is $50,000.00 or less; the premium paid by Plaintiff for the policy in suit was only $7,176.00.

52, 59 (1995) (An arbitration agreement generally "governed by the laws of the state of New York," which laws preclude an arbitral award of punitive damages, held preempted by the FAA.) see also, Allied-Bruce Terminex Cos. v. Dobson, 513 U.S. 265, 270 (1995) (FAA preempts Alabama state statutory provision that arbitration agreements are unenforceable.)   Notwithstanding the FAA's preemptive authority, even if the TGAA were applicable the exemption claimed by Plaintiff is unavailable because Plaintiff is a corporation, not an individual.  See Inteq v. Lotus LLC, 2002 WL 1987938 (Tex. App. -- El Paso) (Section 171.002(a)(2) is inapplicable where the parties to an arbitration agreement are corporations.)  The Court, therefore, finds that the policy's arbitration clause should be enforced.

For the foregoing reasons, it is the **ORDER** of this Court that St. Paul's "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Improper Venue and to Compel Arbitration" (Instrument no. 3) is **GRANTED** and this action is **DISMISSED**.

**DONE** at Galveston, Texas, this _____18th_____ day of February, 2011.

_____
John R. Froeschner
United States Magistrate Judge

3